UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
ANDRE M. DAVIS
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0801
FAX (410) 962-0820

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2001 OCT 11 A 9: 30
AT BALTIMORE
_____ DEPUTY

October 10, 2001

MEMORANDUM TO COUNSEL: Porter Hayden Co. v. Employers Insurance of Wausau
Civ. No. AMD 01-2639

The respondent's motions for stay (Paper Nos. 4 and 7) and the related memoranda have been read and considered. The motions are **hereby DENIED**.

It appears to me that respondent relies on two arguments in support of its contention that the arbitrator's August 9, 2001, award (upon which the court entered judgment on September 14, 2001) may not be confirmed as "final." First, it contends that the availability of an arbitral appeal undercuts the conclusion that an appealable award is nonetheless a final award. Second, it seems to rely on the wording of the caption to section 18.00 of the Procedure Manual, which reads "Enforcement of Final Decision." I am not persuaded. Obviously, as petitioner points out, to the extent the Wellington Agreement procedures draw on the Federal Rules of Civil Procedure, *an appealable order, with famous and well-known exceptions, is by definition a final order.* Furthermore, if the drafters wished to foreclose judicial confirmation of awards pending arbitral appeals, they could have said so. That they did not is telling. (Oddly, in the fact of this gap in explicit procedures respondent did not seek a stay from the arbitrator pending appeal). Finally, the wording in the caption of § 18 of the Procedure Manual (apparently, the only section with a caption) is scant reason to conclude that only awards not subject to appellate review may be judicially confirmed. Thus, I see no reason to suspect that petitioner acted prematurely in seeking confirmation of the award in its favor.

In truth, the most sensible reading of the Wellington scheme seems to track the procedures implicated as to respondent's alternative request for relief: namely, judicial confirmation (as here) followed by a *supersedeas* bond. See Fed.R.Civ.P. 62.

Despite the informal nature of this letter, it is an Order of Court and the Clerk shall docket it as same.

Very truly yours,

Andre M. Davis
United States District Judge

AMD:tt
cc: Court file